UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK MAYES,

    Plaintiff,

  v.

FEDEX CORPORATE SERVICE, INC. and JONI MCDONOUGH,

    Defendant.

CASE NO. C18-1816RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* and on Plaintiff's Motion for Court to Serve Summons (Dkt. #5). For the reasons below, this action will be dismissed and Plaintiff's Motion will be denied as moot.

*Pro se* Plaintiff, Mark Mayes, was granted *in forma pauperis* status and filed his Complaint on December 20, 2018. Dkts. #3 and #4. Plaintiff's action alleges discrimination. Plaintiff was apparently hired by Defendant Joni McDonough on behalf of Defendant FedEx Corporate Services, Inc. to work at a FedEx Express. Dkt. #4. Plaintiff attended a paid orientation and was scheduled to work several days later. Plaintiff informed Ms. McDonough that he could not work because of a "severally swollen ankle due to walking around the FedEx facility" during orientation. *Id.* at 5. Plaintiff "requested a day to visit the emergency" room, but

ORDER – 1

was denied and fired. *Id.* Defendant filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on July 20, 2018.[1] *Id.* at 9.

Complaints filed *in forma pauperis* will be dismissed by the Court at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff's Complaint is insufficient and the Court cannot discern the basis for Plaintiff's action. Plaintiff includes a form *pro se* complaint for employment discrimination and a self-prepared one-page complaint. Dkt. #4 at 1–7 (form pleading) and 8 (self-prepared). The form complaint indicates that Plaintiff is pursuing claims under Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. §§ 2000e–2000e-17) and the Americans with Disabilities Act of 1990 (codified at 32 U.S.C. §§ 12112–12117). Plaintiff's self-prepared complaint ends with an allegation that "[t]his violated the ADA's right to a reasonable accommodation," but Plaintiff has struck through the allegation, indicating he did not wish to pursue the ADA claim. Regardless, Plaintiff's Complaint is wholly deficient.

A plaintiff pleading a complaint must allege sufficient facts to raise a plausible inference that he is entitled to relief or rise above speculation that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent Plaintiff intends to pursue an ADA claim, he fails to adequately plead a disability. *See Moore v. Donahoe*, No. C11-05517 LB, 2012 WL 2979024 (N.D. Cal. July 19,

---

[1] Plaintiff's Complaint contains discrepancies with regards to dates. *See* Dkt. #4 at 5–6 (indicating discrimination occurred in October 2018 and that administrative remedies were exhausted in July 2018). Giving Plaintiff the benefit of the doubt and as best the Court can piece together, the Court believes Plaintiff was hired in September 2017, attended orientation shortly thereafter, and was fired sometime around October 10, 2017. Plaintiff then appears to have made the charge to the EEOC on July 20, 2018, and received a Dismissal and Notice of Rights from the EEOC around November 1, 2018.

ORDER – 2

2012) (explaining that plaintiff's claimed disability—being sick—was not sufficient because it was a normal and temporary illness and was not permanent or long-term in nature and gathering cases in support). Plaintiff's allegation that he suffered from a swollen ankle is not sufficient.

To the extent Plaintiff intends to pursue a Title VII claim, he fails to plead any allegations demonstrating that his termination was on account of his race (African American). *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (explaining that plaintiff bears the ultimate burden of persuading the trier of fact that adverse action was due to intentional discrimination on basis of protected classification) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). In fact, Plaintiff clearly alleges that the termination was on account of his request for time to deal with his swollen ankle. Plaintiff accordingly fails to adequately plead either of his claims.

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. Plaintiff's claim is clearly premised upon an alleged violation of the ADA. But Plaintiff's swollen ankle is not a disability under the ADA and no amendment will change that.

Plaintiff has also filed a Motion for Court to Serve Summons. Dkt. #5. Because the Court dismisses the Complaint, the Motion is denied as moot.

ORDER – 3

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motion for Court to Serve Summons (Dkt. #5) is DENIED as moot, that this matter is DISMISSED without prejudice, and that this case is now CLOSED.

Dated this 26th day of December 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4